IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 18-cv-0615-WJM-MEH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.     11704 WEST MARLOWE PLACE, MORRISON, COLORADO, and
2.     4879 SOUTH DUDLEY STREET, LITTLETON, COLORADO,

    Defendants.

## ORDER DENYING CLAIMANTS MARCIA L. ROMERO AND JOSEPH A. SANCHEZ'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE

Before the Court is Claimants Marcia L. Romero and Joseph A. Sanchez's (jointly, "Claimants") Motion to Dismiss for Failure to Prosecute ("Motion"). (ECF No. 43.) Plaintiff United States of America filed a response in opposition. (ECF No. 44.) Claimants did not file a reply, and the time in which to do so has passed. For the following reasons, the Motion is denied.

### I. BACKGROUND

On March 14, 2018, the United States filed a Verified Complaint for Forfeiture In Rem, under restriction, against the following properties: (1) Defendant 11704 West Marlowe Place, Morrison, Colorado ("Defendant 11704 W. Marlowe Place") as property derived from proceeds traceable to an exchange of a controlled substance, in violation of 21 U.S.C. § 801 and therefore forfeitable pursuant to 21 U.S.C. § 881(a)(6), and property used or intended to be used in any manner or part to commit or to facilitate the

commission of violations of 21 U.S.C. § 801, and therefore forfeitable pursuant to 21 U.S.C. § 881(a)(7); and (2) Defendant 4879 South Dudley Street, Littleton, Colorado ("Defendant 4879 S. Dudley Street") as property used or intended to be used in any manner or part to commit or to facilitate the commission of violations of 21 U.S.C. § 801, and therefore forfeitable pursuant to 21 U.S.C. § 881(a)(7). (ECF No. 3.)

On March 15, 2018, the United States recorded a *lis pendens* against Defendant 4879 S. Dudley Street in Denver County, Colorado at reception no. 2018030686. (ECF No. 5.) On April 5, 2018, the United States filed a motion to un-restrict the Verified Complaint. (ECF No. 9.) The Court granted that motion on April 6, 2018. (ECF No. 10.)

On April 11, 2018, the United States filed a Notice of Complaint for Forfeiture and sent notice to the following interested parties: (1) Wayne Sanchez, 11704 W. Marlowe Place, Morrison, CO; (2) Marcia L. Romero, 4879 S. Dudley, Littleton, CO; (3) Joseph A. Sanchez, 4879 S. Dudley, Littleton, CO; and (4) Ocwen Loan Servicing, LLC P.O. Box 660264, Dallas, TX. (ECF No. 11.)

On May 18, 2018, Claimants filed claims asserting an interest in Defendant 4879 S. Dudley Street. (ECF Nos. 14, 15.) On May 21, 2018, Wayne Sanchez, proceeding pro se, filed a claim asserting an interest in Defendant 11704 W. Marlowe Place. (ECF No. 16.) On June 7, 2018, Claimants filed an Answer. (ECF No. 19.)

On March 18, 2019, Claimant Wayne Sanchez filed a Motion to Stay Proceedings, as he was the target of a criminal investigation. (ECF No. 24.) The Court denied that motion on March 25, 2019 because he failed to comply with D.C.COLO.LCivR 7.1(a). (ECF No. 26.) On April 18, 2019, Claimant Wayne Sanchez filed a second Motion to Stay Proceedings. (ECF No. 27.) No party objected to

Claimant Wayne Sanchez's Motion to Stay Proceedings, and the Court granted that motion on April 29, 2019.  (ECF No. 29.)

On May 31, 2019 and May 20, 2020, the United States filed status reports, confirming that Mr. Sanchez's criminal investigation was still pending.  (ECF Nos. 30, 32.)  On June 2, 2020, the Court *sua sponte* administratively closed the case, subject to a motion by any party to reopen.  (ECF No. 37.)  No party objected to the administrative closure, and no party has moved to reopen the case.

On January 27, 2021, Claimants filed the Motion.  (ECF No.43.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it."  "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."  *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962)).

Generally, "Rule 41(b) involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria."  *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002).  "When the dismissal is without prejudice, however, consideration of the *Ehrenhaus* factors is not required."  *Arocho v. United States*, 502 F. App'x 730, 732 (10th Cir. 2012) (citing *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009); *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162

3

(10th Cir. 2007)). Moreover, Local Rule 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with these rules, the Federal Rules of Civil Procedure, or a court order. If good cause is not shown, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1. *See also Yates v. Arkin*, 242 F. App'x 478, 482–83 (10th Cir. 2007) ("[O]ur precedent interprets Fed R. Civ. P. 41(b) as impliedly bestowing the district court with the authority directly conferred by D.C.COLO.LCivR 41.1").

### III. ANALYSIS

In the Motion, Claimants argue that the United States has failed to prosecute this case, citing Federal Rule of Civil Procedure 41(b), which provides that "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." (ECF No. 43 at 2.) Claimants clarify they are only concerned with the property at 4879 S. Dudley Street in Littleton, Colorado, and make no claim with respect to the property at 11704 W. Marlowe Street in Morrison, Colorado. (*Id.*)

Further, Claimants acknowledge that the case was administratively closed on June 1, 2020, and the case was stayed, but state that "[w]hatever reasons have been given to the court for maintaining the stay of proceedings and closing this case administratively have been kept secret from the Claimants by virtue of orders entered by the Government to restrict the status reports submitted in this case." (*Id.* at 2–3.) Claimants state that they never requested a stay of proceedings "nor have they consented to nor agreed to stay these proceedings." (*Id.* at 2.) Because Claimants

4

argue that their rights are being adversely affected in this matter, they request that the Court "dismiss that part of the claim brought in this case by the Government relating to 4879 South Dudley Street in Littleton, Colorado and release said property from the notice of lis pendens which the Government has used to cloud the title of the Claimants' property." (*Id.* at 3.)

Despite these arguments, the Court agrees with the United States that Claimants have sought inappropriate relief. To the extent Claimants state that they did not consent to the stay of proceedings or the administrative closure, their argument is unavailing given that they failed to object to either procedural action. In the District of Colorado, a district court "may order the clerk to close a civil action administratively subject to reopening for good cause." D.C.COLO.LCivR 41.2. "Use of the administrative-closure mechanism allows district courts to remove from their pending cases suits which are temporarily active elsewhere (such as before an arbitration panel) or stayed (such as where a bankruptcy is pending)." *Patterson v. Santini*, 631 F. App'x 531, 534 (10th Cir. 2015) (internal quotations omitted) (citing *Mire v. Full Spectrum Lending Inc.*, 389 F.3d 163, 167 (5th Cir. 2004)). Rather than requesting dismissal, Claimants should have moved to reopen the case.

As the United States points out, because an administratively closed case "still exists on the docket of the district court," it "may be reopened upon request of the parties or on the court's own motion." *Mire*, 389 F.3d at 167 (5th Cir. 2004). "Generally, there is good cause to reopen when parties seek to litigate remaining issues that are ripe for review." *Phoenix Ins. Co. v. Cantex, Inc.*, 2014 WL 2058106, at *1 (D. Colo. May 19, 2014). In its brief, the United States sets forth the factors which a court must

consider before dismissing an action for failure to prosecute. (ECF No. 44 at 5 (citing *Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009).) However, because the Court will not dismiss this action, it need not consider the five factors set forth in *Davis*.

The Court takes no position regarding whether reopening this case is appropriate. However, the Court notes that the United States mentions in its brief that the basis for Claimant Wayne Sanchez's stay remains valid as the underlying criminal case is ongoing; thus, administrative closure likely continues to be appropriate in this case. (ECF No. 44 at 5 n.1.)

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS:

1. Claimants Marcia L. Romero and Joseph A. Sanchez's Motion to Dismiss for Failure to Prosecute (ECF No. 43) is DENIED; and

2. The case remains administratively closed.

Dated this 26th day of May, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge